Opinion by Rao, J.   In accordance with stipulation of counsel that 20 percent of the merchandise consists of rags used chiefly for papermaking, the claim of the plaintiff was sustained with respect to said 20 percent of the merchandise.

**No. 60175.**—Frankenthaler Ribbons, Inc. v. United States, protests 266392–K, etc. (New York).

Opinion by Ford, J.   In accordance with stipulation of counsel that the merchandise consists of elastic fabrics similar in all material respects to those the subject of Abstract 59734, the claim of the plaintiff was sustained.

**No. 60176.**—Arkwright Accessories, Inc., et al. v. United States, protests 267308–K, etc. (New York).

Opinion by Ford, J.   In accordance with stipulation of counsel that the merchandise consists of silk scarves or squares similar in all material respects to those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiffs was sustained.

**No. 60177.**—Durlacher & Co., Inc. v. United States, protest 285404–K (New York).

Opinion by Ford, J.   In accordance with stipulation of counsel that the merchandise consists of silk scarves or squares similar in all material respects to those subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiff was sustained.

**No. 60178.**—Durlacher & Co., Inc. v. United States, protests 287736–K and 288020–K (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of silk scarves or squares similar in all material respects to those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiff was sustained.

## BEFORE THE THIRD DIVISION, AUGUST 16, 1956

**No. 60179.**—Consolidated Sewing Machine Co., Inc. *v.* United States, protest 258996–K (Los Angeles).

JOHNSON, Judge: The merchandise involved herein consists of 26 sewing machines, imported from Sweden, complete with electric motors and cases. The sewing machines and motors were assessed with duty at 10 per centum ad valorem under paragraph 372 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, as sewing machines. The cases were assessed with duty at 17½ per centum ad valorem under paragraph 1413 of said tariff act [as modified by the Annecy Protocol of Terms of Accession to the General Agreement on Tariffs and Trade, T. D. 52373, and the President's proclamation of April 27, 1950, T. D. 52462], as manufactures of paper. It is claimed that the sewing-machine motors are entitled to free entry under paragraph 1615 of said tariff act, as amended by the Customs Administrative Act of 1938, as American goods returned.

At the trial, there were received in evidence Form 4467 (certificate of exportation), Form 3311 (affidavit for free entry), and Form 129 (invoice of returned American goods), which were marked plaintiff's exhibits 1, 2, and 3, respectively.

Counsel then stipulated and agreed as follows:

MR. KOZINN: I would like the record to show that those three exhibits were obtained from the official jacket.

I offer to stipulate with counsel for the Government that the 26 sewing machines involved had 26 electric motors which were manufactured in the United States and exported to Sweden as indicated on the export declaration, Exhibit 1.

We further offer to stipulate that the value of those 26 electric motors is $115.95.

JUDGE WILSON: Each?

MR. KOZINN: No, for the 26.

We further offer to stipulate that all of the regulations with respect to American goods returned have been complied with and that the motors were of American manufacture not improved in condition or advanced in value abroad.

MR. SPECTOR: So agreed.

It appears from the official papers that the merchandise was entered as 26 cases containing sewing machines, valued at over $10 and not over $75 each. The invoiced and entered unit value was 353 Swedish kronor, making a total entered value of 9,178 Swedish kronor, or United States $1,773. The merchandise was appraised as entered, but the rate was advanced on the carrying cases, valued at 7.75 Swedish kronor each, to 17½ per centum ad valorem, under paragraph 1413, as modified.

It is evident, therefore, that, except for the paper carrying cases, the merchandise involved herein was appraised as an entirety. It has been stipulated,